**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 23 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DONALD PRITCHARD,

Defendant-Appellant.

No. 03-1155
(Colorado)
(D.Ct. No. 01-CR-288-D)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Donald Pritchard stands convicted of eight counts of wire fraud in violation of 18 U.S.C. § 1343. He appeals, claiming a fatal variance between the proof adduced at trial and the conduct charged in the indictment. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

*Background*

Pritchard was in the business of brokering sales of aircraft and aircraft parts. The indictment charged him with wire fraud in connection with agreements he made with six different individuals.[1] The evidence adduced at trial, however, was that five of the agreements were with corporations, which were only *represented* by the named individuals. Furthermore, in three of the transactions (Counts One, Two and Three) the indictment charged Pritchard with claiming to own the aircraft or parts he was offering for sale,[2] but the evidence at trial was that he only offered to secure the aircraft or parts from third parties. Based on these alleged variances between the proof at trial and the conduct charged in the indictment, Pritchard moved at the close of the Government's case for judgment of acquittal under Fed. R. Crim. P. 29. The Government conceded the variances

---

[1]The gist of the indictment was that Pritchard solicited and received payment for aircraft or aircraft parts and subsequently failed to deliver same as agreed or refund monies paid.

[2]For purposes of this appeal, we generously construe Count Three of the indictment, as urged by Pritchard, to allege he agreed to sell an aircraft he owned. It is by no means clear the language of the indictment is so constrained.

but argued they were harmless.[3]    The district court agreed and denied the motion for judgment of acquittal.

Pritchard contends the described variances were fatal and require reversal of his convictions.  We review de novo a ruling on a motion for judgment of acquittal.  *United States v. McKissick*, 204 F.3d 1282, 1290 (10th Cir. 2000).  In particular, we consider whether a variance between proof at trial and conduct charged in the indictment is fatal and reversible.  *United States v. Williamson,* 53 F.3d 1500, 1512 (10th Cir.), *cert. denied sub. nom*, 516 U.S. 882 (1995).

***Discussion***

Variances between conduct charged in an indictment and proof at trial are of three kinds: harmless, fatal and fatal per se.  *Hunter v. New Mexico,* 916 F.2d 595, 598-99 (10th Cir. 1990), *cert. denied sub. nom*, 500 U.S. 909 (1991).  We consider such variances against the constitutional backdrop of the Sixth Amendment (requiring notice of the charge) and, in the case of federal prosecutions, the Fifth Amendment (right to indictment by grand jury).  *Id.* at 598.  At one end of the spectrum is the simple variance which occurs "when the charging terms are unchanged, but the evidence at trial proves facts materially different from those alleged in the indictment."  *Id.* (citation and quotation

---

[3]Although the Government qualified several of its concessions in the district court, we treat the concessions as complete for purposes of disposing of this appeal.

omitted).[4]  To this kind of variance we apply harmless error analysis.  *Id.*

"[C]onvictions generally have been sustained as long as the proof upon which

they are based corresponds to an offense that was clearly set out in the

indictment." *Id.* at 599 (quoting *United States v. Miller,* 471 U.S. 130, 136

(1985)).  Along the spectrum a variance becomes fatal and reversible "when the

defendant is prejudiced in his defense because he cannot anticipate from the

indictment what evidence will be presented against him or is exposed to the risk

of double jeopardy." *Id.* (citations omitted).  The antipode of harmlessness is

where a variance is so severe that it constructively amends the indictment by

altering an element and thus enables conviction for conduct not charged.

Variances of this type are unquestionably fatal and reversible per se.  *Id.*

Although Pritchard claims the described variances were fatal, he does not

explicitly claim they were fatal per se.[5]  In any event, it does not appear they are

fatal at all.

The gravamen (indeed, the elements) of each offense as charged in the

indictment was that Pritchard:

---

[4]We assume, without deciding, that the variances identified in this case are material.

[5]As to the variances related to Counts One, Two and Three, Pritchard claims he was prejudiced in the preparation of his defense. (Appellant's Br. at 13.)  As to the remaining counts, he simply claims the evidence at trial varied from the conduct charged in the indictment and, as a result, he was denied his constitutional right to notice of the charges against him. (*Id.* at 16.)

1) devised and intended to devise a scheme

  a) to defraud, and

  b) to obtain money by means of materially false and fraudulent pretenses and representations, and

2) in furtherance of the scheme, induced wire transfers of money to his account.[6]

(R. Vol. I at Doc. 1).

Allegations in the indictment as to the means by which Pritchard carried out his scheme (*i.e.*, whether by claiming to own the property he offered for sale or to broker it for another) are surplusage. "A part of the indictment unnecessary to and independent of the allegations of the offense proved may normally be treated

---

[6]Instruction No. 19 tracks the essential elements of the offense charged in the indictment. Notably absent is any reference to whether Pritchard held himself out as owning or brokering the property subject to sale or whether the victims were corporations or individuals. (R. Vol. I at Doc. 65.)

Instruction No. 18 quotes, in pertinent part, the statute under which Pritchard was charged:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, (and) transmits or causes to be transmitted by means of a wire, radio or television communication in interstate . . . commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice . . . [.]

(*Id.*) (parenthetical & ellipsis in original); 18 U.S.C. § 1343.

as a useless averment that may be ignored." *Miller,* 471 U.S. at 136 (quotations omitted).[7] *See also United States v. Smith,* 838 F.2d 436, 439 (10th Cir. 1988) ("proof is not requird of everything alleged in the indictment"), *cert. denied*, 490 U.S. 1036 (1989); *United States v. Harper,* 579 F.2d 1235, 1239 (10th Cir.) ("When the language of the indictment goes beyond alleging the elements of the offense, it is mere surplusage and such surplusage need not be proved."), *cert. denied*, 439 U.S. 968 (1978). This being so, it follows, *a fortiori*, that variation in the proof at trial of the means employed to carry out the scheme to defraud is not generally fatal.

So, too, with allegations in the indictment as to the victims of Pritchard's scheme. The charged offense does not require an identified victim as an element. *Cf. Harper* at 1235 ("Proving beyond a reasonable doubt that a specific person is the principal is not an element of the crime of aiding and abetting. It is not even essential that the identity of the principal be established. The prosecution only need prove that the offense has been committed.") (citations omitted). It

---

[7]We distinguish *United States v. Adams*, 778 F.2d 1117 (5th Cir. 1985), a case Pritchard cites. In *Adams*, the Fifth Circuit held that proof of false address and false name presented in a firearm purchase prosecution impermissibly broadened an indictment that charged only furnishing a false name as the basis of the crime. *Id.* at 1124. Here, the basis of the crime is a scheme to defraud by inducing wire transfer of monies in exchange for property. Whether Pritchard held himself out as the owner or broker of the property for sale does not alter the gravamen of the offense. For like reasons, *Adams* is inapposite to variances in proof of the victims.

therefore follows that variation between the victim named in the indictment and that proved at trial, particularly when the variation is of the marginal sort presented here, is likewise harmless.

Pritchard alternatively claims the described variances prejudiced him in the preparation of his defense (Counts One, Two and Three) and deprived him of notice of the charges against him (Counts Four, Five, Six, Seven and Eight). However, he provides no basis for these claims. Indeed, it is difficult to identify prejudice or lack of notice when Pritchard was alerted to the variances in discovery. (R. Vol. V at 541.) Since he does not claim exposure to the risk of double jeopardy, we need not discuss its effect.

Accordingly, we **AFFIRM** the decision of the district court.

**Entered by the Court:**

**TERRENCE L. O'BRIEN**
United States Circuit Judge